Matter of Bank (2022 NY Slip Op 03511)





Matter of Bank


2022 NY Slip Op 03511


Decided on June 1, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2021-05067

[*1]In the Matter of Todd C. Bank, admitted as Todd Charles Bank, an attorney and counselor-at-law. (Attorney Registration No. 2789527.)



The respondent was admitted to the Bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 12, 1997, under the name Todd Charles Bank. By order to show cause dated July 22, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the United States Court of Appeals for the Second Circuit dated May 3, 2021.



Diana Maxfield Kearse, Brooklyn, NY (Thomas J. Murphy of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Todd C. Bank, Kew Gardens, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order dated May 3, 2021, the United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit) imposed a public reprimand on the respondent for his professional misconduct.
The Second Circuit Disciplinary Proceeding 
By order dated February 28, 2020, the Grievance Panel for the Second Circuit (hereinafter the Grievance Panel) ordered the respondent to show cause why disciplinary or other corrective measures should not be imposed upon him pursuant to Federal Rules of Appellate Procedure rule 46(b) and (c) and Second Circuit Local Rule 46.2, based on his misconduct during an oral argument for an appeal in a matter titled Doyle v Palmer , pending in the Second Circuit under Docket No. 19-939. The respondent represented Robert Doyle, the appellant in that matter. On December 11, 2019, in response to a question posed by Second Circuit Judge Denny Chin regarding the injury suffered by Doyle, the respondent stated twice, "Are you serious, Judge?" and then commented, "I see that you read the briefs thoroughly." After opposing counsel presented his argument, the respondent attempted to make a rebuttal, but was told by the circuit judges that he had waived rebuttal. The respondent then disrupted the proceeding by failing to be seated, and a circuit judge directed a court security officer to escort him out of the courtroom. After the respondent was removed from the courtroom, he was loud and argumentative towards the court security officer and failed to comply with the officer's instruction to enter an elevator until the officer escorted him.
In a letter to the Second Circuit dated December 16, 2019, the respondent argued the merits of Doyle's appeal, and also explained that his comment that "I see that you read the briefs thoroughly" expressed his "understandable frustration" with Judge Chin's question. The respondent [*2]claimed that, over the past 20 years, he had observed "comments and questions from the bench that could be described as 'disrespectful,' 'discourteous,' and 'inappropriate.'" In his view, there was a "double standard that those who appear before the Court are loath to violate for fear that the judges will take their personal feelings into account when making their rulings, whereas judicial integrity requires (indeed, [is] partly defined by) the opposite." He further stated that he should not have insisted upon a "rebuttal," inasmuch as opposing counsel's argument was "entirely general." The respondent stated that he regretted "not having had a productive oral argument," but that he hoped that "the Court and those who appear before it, including me, [would] learn from [their] experience."
Based on the conduct described above, the Grievance Panel indicated in the order to show cause that the respondent may have violated, inter alia, rule 3.3(f)(2) and (4) (prohibiting a lawyer before a tribunal from engaging in undignified or discourteous conduct; and conduct intended to disrupt the tribunal, respectively) of the Rules of Professional Conduct (22 NYCRR 1200.0). Additionally, the order to show cause also directed the respondent to address three other sanctions he received in other courts to demonstrate whether he was able to meet his obligations to the Second Circuit in future matters. Specifically, the respondent was sanctioned twice in the United States District Court for the Eastern District of New York (hereinafter the EDNY). In a matter titled McCabe v Lifetime Entertainment Servs., LLC , pending under Docket No. 17-cv-908, the EDNY sanctioned the respondent for knowingly filing a time-barred complaint, and in a matter titled Bank v Carribbean Cruise Line , pending under Docket No. 11-cv-2744, the EDNY sanctioned the respondent for failing to attend a court-scheduled deposition. In addition, in a matter titled Bank v Al Johnson's Swedish Rest. & Butik, Inc. (795 Fed Appx 822 [Fed Cir 2019]), the respondent was sanctioned by the United States Court of Appeals for the Federal Circuit for filing a frivolous appeal and a motion seeking sanctions regarding his claim that a restaurant's trademark was "demeaning to goats" because it depicted goats on a grass roof.
In its order to show cause, the Grievance Panel also directed the respondent to address a state court action related to a matter titled Doyle v American Home Products Corp ., pending under Docket No. 08-cv-2149, in which the respondent may have delayed litigation and failed to timely provide discovery, leading to the dismissal of the state court action, and to address the fact that in McCabe and also in a matter titled Bank v Cooper , pending under Docket No. 08-cv-3936, the respondent was found to have made frivolous arguments.
In response to the Grievance Panel's order to show cause, the respondent submitted a declaration, under penalty of perjury, dated March 27, 2020, in which he accepted responsibility for his conduct during the December 11, 2019 oral argument. The respondent asserted that he had never been disciplined or denied admission or readmission by any bar or court, and had never been sanctioned other than those mentioned in the order to show cause. The respondent explained in his declaration that:
"I had worked very hard on this case, both before the District Court and this Court, and I allowed my emotions to get the best of me during the oral argument. Since receiving the Order, I have listened to the Court's audio file of the oral argument several times, and each time I was shocked and embarrassed at how I sounded. I am ashamed of my behavior, and am profoundly sorry for having acted the way I did.
"I accept responsibility for my actions, which were acrimonious and insulting, and not at all in accord with how I have handled myself during my dozens of other appearances before the Court over nearly twenty years, and during which, on several occasions, the Court engaged with me for more than, and often considerably more than, the amount of time that had been allotted to me, for which I was always grateful.
"I apologize ifI [sic] offended the court security officer, as there appears to have been a brief misunderstanding regarding the process of my leaving the courthouse.
"Based upon the Court's decision in the appeal, it does not appear to me that there was a reasonable likelihood that the outcome of the appeal was affected by the oral argument, in which event Mr. Doyle would not have been prejudiced by the oral argument. However, regardless of whether he was prejudiced, he was obviously entitled, and should have expected, to be better served by me.
. . .
"The receipt of the Order has given me the opportunity to engage in a significant amount of reflection, and I have learned much from this experience and from the review of the various matters that the Order cited. I hope to look back on this process [as] one that spurred important self-improvement."
Regarding the other cases in which the respondent was sanctioned and/or had made frivolous arguments, he submitted that he had a good faith basis for his actions and arguments.
By order dated May 3, 2021, the Second Circuit publicly reprimanded the respondent and advised him that future similar misconduct "will not be tolerated and may result in his suspension from the bar of this Court or other corrective measures, such as being barred from presenting oral argument to this Court" (In re Bank , 850 Fed Appx 115, 120 [2d Cir 2021]). The Second Circuit found that the respondent's conduct during the oral argument mentioned above violated rule 3.3(f)(2) of the Rules of Professional Conduct, which prohibits a lawyer from engaging in undignified or discourteous conduct before a tribunal, and Federal Rules of Appellate Procedure rule 46(c), which prohibits conduct unbecoming a member of the bar. The Second Circuit concluded that the record did not support any justification for the respondent's discourtesy, and even if there was, the respondent had an obligation to respond in a civil manner. The Second Circuit considered the respondent's refusal to be seated after he was told that he had waived his rebuttal to be a continuation of his discourteous conduct, which "may not have been noteworthy had it not followed his discourteous words during his oral argument" (In re Bank , 850 Fed Appx at 118).
The Second Circuit did not find that the respondent knowingly disrupted proceedings by refusing to leave the courtroom, as the transcript of the proceeding supported the respondent's assertion that he did not hear the directive from a circuit judge to leave the courtroom. As to the respondent's interaction with the court security officer outside of the courtroom, the Second Circuit declined to inquire further since it would not alter their disciplinary decision. The Second Circuit cited two "significant aggravating factors": that the respondent has been an attorney since 1997, and that his discourteous conduct was public and in front of the judge he insulted. The other court sanctions and frivolous argument findings were determined to be "minor aggravating factor[s] since the number of instances [are] limited and we believe that Bank, from a subjective perspective, did not act in bad faith" (id. at 119).
In mitigation, the Second Circuit considered that the respondent had no disciplinary history, and most importantly, that the respondent, in his declaration, accepted responsibility, and expressed remorse, shame, and profound sorrow for his misconduct. The Second Circuit noted that the respondent's post-argument letter "may not have much mitigation value" (id. at 119), but hoped that after a longer period of reflection, his declaration more accurately reflected his understanding of his conduct.
New York Proceeding 
In a letter to this Court dated July 9, 2021, the Grievance Committee informed this Court of the respondent's discipline by the Second Circuit, noting that the respondent never reported his discipline to the Grievance Committee or this Court, as required by 22 NYCRR 1240.13(d).
Thereafter, by order to show cause dated July 22, 2021, this Court directed the respondent to show cause why discipline should not be imposed upon him pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the Second Circuit's order dated May 3, 2021, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court, with proof of service upon the Grievance Committee on or before September 13, 2021.
In his response to this Court's order to show cause, the respondent incorporated his declaration submitted in response to the Grievance Panel's order to show cause. Regarding his failure to report, the respondent explained that he had mistakenly believed that only sanctions of suspension or disbarment were subject to reciprocal discipline and only those sanctions were required to be reported. He noted that he was aware that the Second Circuit order disciplining him directed the clerk of the court for the Second Circuit to notify this Court and all other courts and jurisdictions in which he was admitted. Thus, his failure to notify this Court or the Grievance Committee had no ill intent. The respondent asserted that the misconduct underlying the discipline was from "one of literally more than a thousand" court appearances in his nearly 25 years of law practice. His discourtesy was a "one-time occurrence that was not premeditated," and his reputation had already been significantly harmed. The respondent asked this Court to take no further action, [*3]but that if it must, to issue a letter of advisement or an admonition.
In response, the Grievance Committee notes that the respondent failed to raise any of the defenses provided to him under 22 NYCRR 1240.13(b)(1) or (2).
Findings and Conclusion 
Based on the misconduct underlying the discipline imposed by the order of the Second Circuit, we find that the imposition of reciprocal discipline is warranted. Therefore, we conclude that the appropriate sanction is a public censure.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Todd C. Bank, admitted as Todd Charles Bank, is publicly censured.
ENTER:
Maria T. Fasulo
Clerk of the Court